CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 10 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HABAKKUK E. BEN YOWEL, | CASE NO. 7:13CV00223 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| COMMONWEALTH OF VIRGINIA, ET AL., | By: James C. Turk |
| Defendant(s). | Senior United States District Judge |

Habakkuk E. Ben Yowel, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the Commonwealth and dozens of her officers, including the governor and the entire general assembly, have violated his constitutional rights. The court granted Yowel's application to proceed without prepayment of the filing fee under 28 U.S.C. § 1915, with the proviso that this status could be revoked if the court found that Yowel had previously had three cases dismissed as frivolous, malicious, or for failure to state a claim. Upon review of the court's records and the complaint, the court finds that Yowel does not qualify to proceed with this action without prepayment of the fee. Therefore, the court revokes Yowel's in forma pauperis status under § 1915(b) and summarily dismisses the action, pursuant to 28 U.S.C. §1915(g).

Section 1915(b) requires the court to assess against indigent inmates the $350.00 filing fee for a civil action, but also allows them to pay this fee through installments withheld from their inmate accounts as the case progresses. Section 1915(g) denies the installment payment method to those prisoners who have "three strikes"--- those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim. Even

a prisoner litigant with three strikes may qualify to proceed under the installment payment plan if he "is in imminent danger of serious physical injury." §1915(g).

Court records indicate that Yowel has filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim: Yowel v. Johnson, No. 2:04-cv-00147 (E.D. Va. April 23, 2004) (dismissed as frivolous pursuant to Prisoner Litigation Reform Act); Robinson v. Gilmore, No. 99-6663, 1999 U.S. App. LEXIS 29642 (4th Cir. Nov. 10, 1999) (finding the appeal frivolous); Robinson v. Gilmore, No. 2:99-cv-00534 (E.D. Va. May 4, 1999) (dismissed as frivolous pursuant to Prisoner Litigation Reform Act); Robinson v. Commonwealth, No. 7:96-cv-00212 (W.D. Va. Mar. 1, 1996) (dismissing under 28 U.S.C. § 1915(d) (1996)), aff'd, No. 96-6387, 1996 U.S. App. LEXIS 19210 (4th Cir. Aug. 5, 1996). See also Yowel v. Virginia Department of Corrections, Case No. 7:10-cv-00040 (W.D. Va.) (dismissing § 1983 action without prejudice under § 1915(g) for three strikes).[1] Therefore, under §1915(g), he is barred from filing a civil action in this court without prepaying the filing fee in full unless he demonstrates that he is in imminent danger of physical harm related to his claims.

In his present complaint, Yowel alleges "Deliberate Malicious Denial of Neurological Medical Care and Service Pre and Post Surgery . . . Deliberate Malicious Denial of Spiritual/Religious Freedom Belief/Practice without punishment . . .[and] Deliberate Malicious Infliction [of] Cruel And Unusual Punishment. The complaint can be summarily dismissed under 28 U.S.C. § 1915A(b)(1), because it fails to state any facts in support of these claims or to describe conduct by any of the individual defendants in violation of Yowel's rights. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir.1977) (finding that under § 1983, "liability will

---

[1] In the opinion dismissing this case, the court noted that Yowel proceeded under the same inmate number, #145224, in these prior court proceedings, but at times used another name, Bartholomew Robinson.

only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal citations omitted). Moreover, because the claims join multiple defendants in one complaint that presents multiple claims concerning separate legal questions, based on distinct events at multiple prison facilities, the complaint is completely contrary to the restrictions on joinder of unrelated defendants and claims in Rules 18 and 20.

Most importantly, however, Yowel's complaint states no facts indicating that he is in imminent danger of physical harm related to any of his claims. Accordingly, the court finds that Yowel's complaint fails to satisfy the "imminent danger" exception under §1915(g),[2] and therefore, Yowel may not proceed without prepayment of the filing fee and any applicable administrate fees. The court will revoke its order allowing him to proceed without prepayment. Furthermore, the court will dismiss this action without prejudice, pursuant to § 1915(g).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 26th day of June, 2013.

Senior United States District Judge

---

[2] Yowel moves separately for the court to appoint counsel and to order prison officials to provide copies of unspecified documents free of charge, as needed for Yowel's litigation. In support of his motion for appointment of counsel, Yowel states that in March or April 2012, he had surgery in which "bone was cut away in [his] neck to enlarge the spinal channel," in an attempt to alleviate pain from a pinched nerve in that area of his body. (ECF No. 7-1, at1.) Instead, the pain and other symptoms of the pinched nerve have gotten worse since the surgery. In October 2012, prison officials allegedly discontinued Yowel's neuro-pain medications and have since refused to provide any medical care or services related to his pinched nerve.

Yowel does not indicate that these few lines in this separate motion for counsel are relevant to his § 1983 claims. Even if the court could liberally construe them as such, they do not meet the requirements of § 1915(g). Given the passage of several months between these events and the filing of this action in May 2013, they are insufficient to support a finding that Yowel is in imminent danger of physical harm related to his vague claim in the complaint that he has been denied unspecified medical care through the unspecified actions of unidentified individuals.